## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Mark Bruckelmyer,  Civil No. 02-1761 (DWF/RLE)

        Plaintiff,

v.  **MEMORANDUM OPINION AND ORDER**

Ground Heaters, Inc., a Michigan
corporation, and T.H.E. Machine Company,
a Minnesota corporation,

        Defendants,

and

T.H.E. Machine Company,

        Counter-claimant,

v.

Mark Bruckelmyer,

        Counter-defendant.

---

John B. Lunseth, II, Esq., David C. Forsberg, Esq., and Michael H. Streater, Esq., Briggs & Morgan; Kurt J. Niederluecke, Esq., Fredrikson & Bryon; Lori J. Marco, Esq., Hormel Foods Corporation/Hormel LLC; Robert E. Lund, Esq., Medtronic, Inc., counsel for Plaintiff and Counter-defendant Mark Bruckelmyer.

James Moskal, Esq., Charles E. Burpee, Esq., and Douglas A. Dozeman, Esq., Warner Norcross & Judd; Michael John Pape, Esq., Kinney & Lange, counsel for Defendant Ground Heaters, Inc., a Michigan corporation.

Randall T. Skaar, Esq., Eric H. Chadwick, Esq., and Aaron W. Davis, Esq., Patterson Thuente Skaar & Christensen PA, counsel for Defendant and Counter-claimant T.H.E. Machine Company, a Minnesota corporation.

---

**Introduction**

The above-entitled matter came for hearing before the undersigned United States District Judge on May 5, 2005, pursuant to a Motion for Summary Judgment of Invalidity brought by Defendant Ground Heaters, Inc. ("GHI"), and joined by Defendant and Counter-claimant T.H.E. Machine Company ("Machine"). For the reasons set forth below, Defendants' motion is granted.

**Background**

Plaintiff Mark Bruckelmyer holds two United States patents for a "Method of Thawing Frozen Ground," United States Patent No. 5,820,301 ("the '301 patent") and United States Patent No. 5,567,085 ("the '085 patent") (collectively, "the Bruckelmyer patents"). Bruckelmyer filed the application for the '085 patent on July 20, 1995; he filed the application for the '301 patent on July 17, 1996. The '301 patent is a continuation-in-part patent which is limited in term to the expiration date of the '085 patent.

Until 1999, Bruckelmyer had a series of license agreements with GHI. Under the terms of the agreements, GHI was the exclusive licensee of the Bruckelmyer patents, although Bruckelmyer retained the right to license the patents to other entities if GHI failed to abide by its royalty obligations. The agreements also assigned responsibility for enforcing patent rights in the U.S. to GHI; Bruckelmyer was obligated to protect rights to the patents in Canada, although GHI was required to reimburse Bruckelmyer for any expenses he incurred doing so.

In late 1998, GHI brought suit in the Western District of Michigan against Defendant Machine for infringement of the Bruckelmyer patents (the "Michigan action"). In February of 1999, Machine answered GHI's Complaint and counterclaimed for declaratory judgment of

noninfringement and invalidity of the Bruckelmyer patents. Machine also asserted that GHI lacked standing to bring suit to enforce patent rights still owned by Bruckelmyer.

In correspondence between counsel for Machine and then-counsel for Bruckelmyer, counsel for Machine requested that Bruckelmyer join the suit voluntarily. Counsel for Machine indicated its belief that GHI's rights in the patent were insufficient to confer standing and that Bruckelmyer was an indispensable party to the action. However, neither Machine nor GHI ever brought a motion to join Bruckelmyer as an indispensable or necessary party.

In the Michigan action, Machine asserted that the Bruckelmyer patents were invalid in light of prior art, specifically certain Canadian patents. Shortly after Machine filed a motion for summary judgment based on this argument, Machine and GHI began discussing terms of a possible settlement. GHI urged Bruckelmyer to agree to a lesser royalty from Machine. Although Bruckelmyer appears to have tentatively agreed to such an arrangement, he ultimately refused to accept a lesser royalty. Instead, on May 20, 1999, Bruckelmyer notified GHI that GHI was in default of the license agreement. Bruckelmyer cited past-due royalties and amounts due for maintenance of the patents and indicated that GHI had 30 days to cure the default or the license would terminate in three months. GHI made no payments and, as a result, the license agreement terminated on August 20, 1999.

In September of 1999, GHI and Machine entered into a settlement agreement specifying that the parties agree that the Bruckelmyer patents are invalid. The Michigan court entered an order indicating that the parties had reached a settlement agreement and had stipulated to a dismissal of the action; the order dismissed the action with prejudice and without costs to either party.

Bruckelmyer then brought suit against both GHI and Machine alleging a variety of claims including infringement of the Bruckelmyer patents.  GHI and Machine responded by bringing a Motion to Dismiss certain claims brought by Bruckelmyer asserting the Michigan court's dismissal of the suit barred Bruckelmyer from bringing the present action.  This Court denied the Motion to Dismiss finding that GHI and Bruckelmyer were not in privity with regard to the Michigan action.

Bruckelmyer then moved for partial summary judgment.  In response, GHI and Machine brought a Motion for Summary Judgment before this Court asserting that all of the claims of the Bruckelmyer patents were invalid as anticipated by Canadian Patent No. 1,158,119 ("the '119 Patent") and the accompanying patent application (the "119 Patent Application" or the "file wrapper of the '119 patent").

This Court found that, as a matter of law, the contents of the file wrapper of the '119 patent constituted a printed publication for purposes of 35 U.S.C. § 102(b).  However, the Court found that there was a genuine issue of material fact regarding whether one of ordinary skill in the art would be enabled by the sketch, or by the '119 patent itself, to practice the technology described therein for the purpose of thawing ground.  Thus, the Court denied Bruckelmyer's Motion for Partial Summary Judgment and the Motion for Summary Judgment of Invalidity brought by GHI and Machine.

On November 5, 2004, Bruckelmyer submitted a Stipulation for Entry of Judgment of Invalidity.  On January 14, 2005, Bruckelmyer made a formal Motion for Entry of Judgment of Invalidity.  GHI and Machine opposed the motion and the wording of the stipulation.  The Court gave the parties an opportunity to come to an agreement as to the stipulation's content.  The

parties were unable to do so. GHI then brought the Motion for Summary Judgment of Invalidity that is presently before this Court. Machine joined in the motion.

## Discussion

### I.     Standard of Review

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must view the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank of Missouri*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" Fed. R. Civ. P. 1. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enterprise Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record which create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Krenik*, 47 F.3d at 957.

## II. Motion for Summary Judgment of Invalidity

As previously stated, this Court found in its June 16, 2003, Order that as a matter of law the contents of the file wrapper of the '119 patent constituted a printed publication for purposes of 35 U.S.C. § 102(b). Based on that ruling, Bruckelmyer admits that:

> [I]f the contents of the file wrapper concerning the '119 Patent, excluding the '119 Patent itself, are considered to be printed publication as a matter of law, then the Bruckelmyer Patents are invalid due to the existence in the file wrapper of two drawing and accompanying written material which are prior art to Bruckelmyer's invention. Bruckelmyer does not admit that the '119 Patent is invalidating, whether the Patent is considered standing by itself or in any other way.

(Memorandum in Support of Stipulation and Motion for Entry of Judgment of Invalidity at 2.) GHI and Machine assert that Bruckelmyer's admission is a sufficient basis upon which to grant their Motion for Summary Judgment of Invalidity. The Court agrees. Accordingly, the Motion for Summary Judgment of Invalidity brought by GHI and Machine is granted.

For the reasons stated, **IT IS HEREBY ORDERED**:

1. The Motion for Summary Judgment of Invalidity brought by Defendant Ground Heaters, Inc. (Doc. No. 122) and joined by Defendant and Counter-claimant T.H.E. Machine Company (Doc. No. 125) is **GRANTED.**

2. The Motion for Summary Judgment of Invalidity (Doc. No. 112) brought by Plaintiff and Counter-defendant Mark Bruckelmyer is **GRANTED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 13, 2005          s/Donovan W. Frank
                             DONOVAN W. FRANK
                             Judge of United States District Court